IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKEL HENDERSON, Y18880, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Case No. 17−cv−1048−NJR |
| LAWRENCE CORRECTIONAL CENTER, JACK YEN, and JAY ACHANDRAN, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Markel Henderson, an inmate of the Illinois Department of Corrections currently housed at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his constitutional rights by prescribing Risperdal, which allegedly caused him to develop female breast tissue—a condition known as gynecomastia.

In connection with these claims, Plaintiff sues Lawrence Correctional Center, Jack Yen (MD/Physician, Lawrence), and Jay Achandran (MD/Physician, Mount Sterling Correctional Center). He seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. As explained below, the Complaint fails to state a claim upon which relief can be granted. Accordingly, it shall be dismissed, but Plaintiff will have an opportunity to file an amended complaint.

## The Complaint

On July 16, 2017,[1] Yen prescribed Risperdal (1 mg.) and Remeron (30 mg.) for Plaintiff. (Doc. 1, p. 5). After taking these medications for "X-amount of days/months," Plaintiff began to experience burning and stinging sensations in his chest and nipples. *Id.* "Months later," Plaintiff

---

[1] The Court notes that this initial prescription date—July 16, **2017**—does not seem to fit with the timeline in the rest of Plaintiff's Complaint. Plaintiff's Complaint was filed in September 2017 and describes a sequence of events occurring over many months. This does not seem to fit with his initial prescription date being just two months before filing the Complaint in this case.

2

developed female breast tissue or gynecomastia. *Id.* Plaintiff alerted correctional officers and medical staff about the side effects. *Id.* He also filed grievances. *Id.* Plaintiff's complaints were disregarded, and he was told this was a normal side effect of Risperdal. *Id.* "Months later," Plaintiff's condition worsened. *Id.*

Nothing in the Complaint speaks to whether Plaintiff (1) was warned about Risperdal's known side effects, including the chance of developing female breast tissue, (2) was given an opportunity to refuse taking Risperdal in the first instance, and (3) would have refused Risperdal treatment had he known of the risk of developing female breast tissue.

## Discussion

**Dismissal of Certain Defendants**

*Lawrence Correctional Center*: Section 1983 imposes liability on "any person" who, under color of state law, deprives another of rights protected by the Constitution. A jail or correctional center such as Lawrence is not a legal entity that can be sued under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook County Jail*, 814 F.Supp. 757, 578 (N.D.Ill. 1993) (Cook County Jail is not an entity nor a "person" subject to suit under § 1983). Accordingly, Lawrence Correctional Center shall be dismissed from this action with prejudice.

*Jay Achandran*: Achandran is identified as a defendant in the case caption and list of defendants. With the exception of his job description (physician at Mount Sterling), however, there is no mention of this individual in the body of the Complaint. Merely naming a party in the caption of a complaint is not sufficient to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, Plaintiff's failure to assert a specific act of wrongdoing as to this individual does not suffice to meet the personal involvement requirement necessary for

3

§ 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Therefore, Achandran shall be dismissed from this action without prejudice. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

**Section 1915A Review**

The Court finds it convenient to divide the action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1:–** Yen failed to provide Plaintiff with information about Risperdal, in violation of the Fourteenth Amendment.

As to **Count 1**, to support a due process claim, a plaintiff must first identify a constitutionally cognizable liberty or property interest. *See Washington v. Glucksberg*, 521 U.S. 702, 720–22 (1997). The United States Supreme Court has recognized that there is a general liberty interest in refusing medical treatment. *See Cruzan by Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278–79 (1990). *See also Washington v. Harper*, 494 U.S. 210, 221–22 (1990) (prisoners possess significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment). Several Circuits have held that the right to refuse medical treatment necessarily includes a right to informed consent. *See Pabon v. Wright*, 459 F.3d 241, 249–50 (2d Cir. 2006); *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *Rainwater v. Alarcon*, 268 F. App'x 531, 534 (9th Cir. 2008). After all, the right to refuse medical treatment is meaningless without sufficient knowledge about the risks associated with the proposed course of treatment.

4

In *Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006), the Second Circuit provided the following formulation for alleging a cause of action premised on this right:

> [T]he Fourteenth Amendment's recognized liberty interest in an individual's right to refuse medical treatment carries with it a concomitant right to such information as a reasonable patient would deem necessary to make an informed decision regarding medical treatment. To establish a violation of this right, a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment.

*Pabon*, 459 F.3d at 246.

The Seventh Circuit has commented on this theory of liability on two occasions. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013) ("*Phillips*"); *Cox v. Brubaker*, 558 F. App'x 677, 678–79 (7th Cir. 2014) ("*Cox*"). In *Phillips*, the Seventh Circuit stated, in the context of an Eighth Amendment deliberate indifference claim, that it has "adopted a general rule that is consistent with these circuits." *Phillips*, 522 F. App'x at 367. Subsequently, in *Cox*, the Seventh Circuit applied the elements of a Fourteenth Amendment due process claim for lack of informed consent–as set forth by other circuits–to affirm a district court's grant of summary judgment in favor of medical staff. *Cox*, 558 F. App'x at 679. The Seventh Circuit declined, however, to endorse or decide the scope of such a claim. *Id.* ("the case does not require us to recognize, or decide the scope of, this due-process right").

Given the current legal landscape, a *sufficiently stated* Fourteenth Amendment due process claim for lack of informed consent would survive preliminary screening. As presently drafted, however, the Complaint here fails to state such a claim. Plaintiff has not alleged that Yen (or anyone else) failed to provide information regarding Risperdal's risks or that he was deliberately indifferent in withholding such information. Plaintiff also has not alleged that he

would have refused treatment had he been properly informed. Accordingly, **Count 1** shall be dismissed without prejudice.

## **Pending Motions**

The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.[2] When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff states that he has written to a few organizations and/or law firms. Unfortunately, however, he provides very little information with regard to his letters and/or the responses he received. Accordingly, the Court cannot discern if the first requirement has been met. As to the second inquiry, Plaintiff states that he has some high school education and has difficulty comprehending the law. Nonetheless, Plaintiff's pleadings indicate he is capable of coherently

---

[2] There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

stating the relevant facts. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to include more factual content regarding (1) who prescribed Risperdal; (2) whether the physician or physicians that prescribed the drug provided information regarding its side effects; and (3) whether Plaintiff would have refused treatment had he been warned about Risperdal's side effects. Plaintiff alone has knowledge of these facts. No legal training or knowledge is required to set them down on paper, and there is presently no indication that Plaintiff's mental status prevents him from relaying these facts.

Thus, recruitment of counsel is not warranted at this time, and the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. The Court will remain open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that **LAWRENCE CORRECTIONAL CENTER** is **DISMISSED with prejudice** because it is not a suable entity under § 1983. The Clerk is **DIRECTED** to terminate this entity as a party in CM/ECF

**IT IS FURTHER ORDERED** that **JAY ACHANDRAN** is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to terminate this individual as a party in CM/ECF

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **November 21, 2017**). It is strongly recommended that Plaintiff use the form designed for

use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 17-cv-1048-NJR.

Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). As the Court has previously explained (Doc. 7), the Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken.

In order to assist Plaintiff in preparing his First Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 24, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**